■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SIGMUND ZOCHOWSKI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Richmond County, dated August 4, 1961, which denied, without a hearing, his application to vacate a judgment rendered May 28,

1959 on his plea of guilty, convicting him of unlawful intrusion on real property (Penal Law, § 2036), and imposing sentence. Order affirmed. Defendant in his petition alleges that he (1) was insane at the time the alleged crime was committed; (2) was insane when he pleaded guilty; and (3) was not adequately represented by counsel. In his brief defendant states that: " He is a neurotic, suffering from periodic seizures of hyptencal amnesia and hallucinations, and that it is possible he has a functional phychosis caused by toxic factors such as metals, gases, drugs and alcohol and that during a seizure of hyptencalamnesia he is in a reflex condition where he acts without thinking, without knowing and does not know the nature and quality of his acts or whether they are right or wrong." In his petition defendant also asserts that he was under observation while confined to Riker's Island in 1947; that he spent eight months in the Florida State Hospital's criminally insane ward in 1949; that he was in Manhattan State Hospital in 1957 and again in 1958, receiving treatment (not otherwise specified) from four psychiatrists; and that doctors for a former employer determined that he was unfit for work because of mental illness. The record also shows that in the County Court of Richmond County that court, prior to accepting defendant's plea of guilty, committed him to Kings County Hospital for a psychiatric examination pursuant to section 658 of the Code of Criminal Procedure. In the report of such examination it was found that defendant was " presently not insane, not imbecile, and is capable of understanding the charge against him, the proceedings, and of making his defense." A defendant has the burden of producing some evidence of his later claim that he was insane at the time when his plea of guilty was accepted, before a hearing will be held on such claim (*People* v. *Smyth*, 3 N Y 2d 184). In *People* v. *Boundy* (10 N Y 2d 518), the Court of Appeals directed a hearing upon a claim of insanity at the time of pleading, where the defendant's petition disclosed that shortly after pleading guilty he was committed to Dannemora State Hospital on a certification of insanity. The petition there also revealed prior commitments to Dannemora State Hospital on several occasions; the receipt of shock treatments; and a parole conditioned on continued psychiatric care. In addition, there were set forth instances of suicide attempts which necessitated close observation. Immediately prior to pleading guilty, Boundy was confined to Kings County Hospital for psychiatric treatment, and he alleged that he was under sedation during the entire period. The proof submitted by the defendant here falls far short of the proof presented in *People* v. *Boundy* (*supra*). Allegations of a history of mental disturbance do not, standing alone, prove insanity (cf. *People* v. *Flora*, 306 N. Y. 615). Nor does the showing that psychiatric treatment had been advised require a hearing on this allegation (*People* v. *Smyth*, *supra*). There is no long history here of prior commitments for psychiatric care. Nor is there a showing that there has been a commitment to a mental institution on a finding of insanity or psychiatric disorder either shortly after pleading or during the trial (see *People* v. *Codarre*, 10 N Y 2d 361; cf. *People* v. *Passante*, 15 A D 2d 631; *People* v. *Kousch*, 12 A D 2d 730). A hearing is not required upon mere self-serving declarations of insanity (*People* v. *Smyth*, *supra*). Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.