■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL ALESANDRE, Also Known as JIMMY, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered September 1, 1989, convicting defendant upon his plea of guilty of five counts of the crime of criminal sale of a controlled substance in the second degree.

Defendant pleaded guilty to five reduced charges of second degree criminal sale of a controlled substance. This plea was in full satisfaction of five separate indictments charging him with first degree criminal sale of a controlled substance and an unindicted charge of assault stemming from an incident while defendant was in jail. Defendant was subsequently sentenced to five concurrent prison terms of nine years to life. Defendant now appeals.

Defendant initially argues that he was denied due process by County Court's failure to order a hearing to determine his mental competence. Such a hearing, however, must be premised on an objective determination by the court that a reasonable ground exists to doubt defendant's competence *(see, Peo-*

---

*ple v Gensler,* 72 NY2d 239, 245, *cert denied* 488 US 932; *People v Armlin,* 37 NY2d 167, 168). Here, both the plea colloquy and sentencing minutes fail to proffer any objective indication that County Court erred in not ordering a hearing. We note further that, between the entering of his guilty plea and sentencing, defendant was sent to a psychiatric center by authorities at the County Jail, apparently in response to a perceived suicide risk. Defendant was released therefrom and, at the time of sentencing, the court took notice of a psychiatric report rendered on defendant's discharge which stated that defendant was alert, fully oriented, cooperative and exhibiting "no psychotic thinking". Accordingly, we find no basis to disturb the court's ruling in this regard *(see, People v Carbone,* 159 AD2d 511, *lv denied,* 76 NY2d 732).

We have examined defendant's remaining contentions and find all to lack merit. As noted in the People's brief on appeal, however, defendant was erroneously sentenced on his conviction for class A-II felonies (Penal Law § 220.41 [7]) to a minimum term of imprisonment of nine years despite the statutory ceiling therefor of eight years and four months (Penal Law § 70.00 [3] [a] [ii]). The sentence should therefore be reduced *(see, People v Selikoff,* 35 NY2d 227, 238, *cert denied* 419 US 1122; *People v Gustafson,* 101 AD2d 920). Although we generally remit cases where a plea is entered in return for a bargained-for sentence later revealed as unlawful *(see, People v West,* 80 AD2d 680, 681), in this instance we choose to correct the sentence in accordance with the lawful minimum *(see,* CPL 470.15 [4] [c]).

Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is modified, on the law, by reducing the sentence imposed to five concurrent prison terms of 8⅓ years to life, and, as so modified, affirmed.