(April 30, 1992)

■ The People of the State of New York, Respondent, v John Simmons, Jr., Appellant.—Mercure, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 21, 1988, convicting defendant following a nonjury trial of two counts of the crime of burglary in the third degree.

Defendant, indicted for two counts of burglary in the third degree as the result of separate incidents, elected to proceed pro se and to waive a jury trial. Following trial before County Court, defendant was convicted on both counts and was sentenced to concurrent prison terms of 3½ to 7 years. Defendant now appeals.

We affirm. Initially, we reject the contention that County Court erred in allowing defendant to proceed pro se. The law is well settled that a defendant has the right to waive counsel and appear pro se so long as it is done knowingly and voluntarily (see, People v Vivenzio, 62 NY2d 775, 776; People v McEachin, 166 AD2d 814, 816, lv denied 76 NY2d 1023). If a defendant chooses to waive representation by counsel, the court's only obligation is to insure that the defendant is aware of the dangers and disadvantages of self-representation before the trial proceeds (People v Vivenzio, supra). Here, the record discloses no evidence to support the claim that defendant's choice was the product of frustration with the legal system or

an unstable mind. Defendant had past experience in criminal proceedings and discussed the decision with the Public Defender, who was available to act as standby counsel throughout the trial. Further, County Court warned defendant very forcefully of the perils of proceeding without counsel.

Similarly, County Court did not err in approving defendant's execution of a waiver of trial by jury. There was full compliance with the requirements of CPL 320.10 (2) that the waiver be in writing and signed by defendant in person in open court in the presence of and with the approval of the court. In addition, although County Court did not inform defendant of the nature and consequences of his waiver (cf., *People v Cotton,* 167 AD2d 884, *lv dismissed* 77 NY2d 904), the record shows that defendant did discuss the matter in some detail with the Public Defender, who recommended against defendant's choice to waive his right to a jury trial. We also reject the argument that County Court should have ordered a competency hearing pursuant to CPL 730.30 (1). Our review of the record demonstrates no evidence which would have provided County Court with reasonable grounds to believe that defendant was incapable of understanding the charges against him or participating meaningfully in his own defense (see, *People v Jones,* 134 AD2d 701, 702, *lv denied* 71 NY2d 969).

Finally, there is no merit to the claim that defendant's confession was involuntary and should have been suppressed. The record fully supports County Court's determination that defendant's waiver of his *Miranda* rights was knowing and intelligent (see, *People v Williams,* 62 NY2d 285; *People v Bennett,* 179 AD2d 837, 839).

Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.