■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSEMARY PARKER, Appellant. [595 NYS2d 519] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 9, 1990, convicting her of criminal sale of marihuana in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the Supreme Court should have *sua sponte* ordered her to undergo a psychiatric examination prior to accepting her plea of guilty. A defendant is not entitled, as a matter of right, to have the question of her capacity to stand trial passed upon before the commencement of the trial, if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity *(see, People v Armlin,* 37 NY2d 167). In this case, there was no indication at the time of the plea that the defendant was under any mental disability. Although the probation report revealed that the defendant had a history of mental illness, on the record before the court, there was no reasonable basis from which to conclude that the defendant was an incapacitated person *(see,* CPL 730.10; *People v Truss,* 187 AD2d 742; *People v Rogers,* 163 AD2d 337).

It is apparent from the record that the defendant was able to understand the proceedings against her and to participate in her defense. She was lucid and rational in court, and consistently stated that she understood the consequences of her plea of guilty *(see, People v Helm,* 178 AD2d 656). She acknowledged that she had adequate time to discuss her plea options with her attorney, and that his representation was satisfactory *(see, People v Carbone,* 159 AD2d 511). It warrants mention that the defendant was sufficiently competent to recognize that her attorney had negotiated a very favorable plea agreement, and counsel apparently perceived no need for a competency hearing *(see, People v Harris,* 109 AD2d 351). Accordingly, as there was no indication on the record to alert the court to the need for a competency hearing, we find that the defendant's plea need not be vacated.

We have reviewed the defendant's remaining contentions

and find them to be without merit. Miller, J. P., Ritter, Copertino and Pizzuto, JJ., concur.