■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DOVER, Appellant. [642 NYS2d 438] —Casey, J. Appeal from a judgment of the County Court of Schenectady County (Reilly, Jr., J.), rendered May 19, 1995, which convicted defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

Defendant was charged with possession of a forged instrument in the second degree, based upon the allegation that he had attempted to cash a forged check at the Grand Union supermarket in the City of Schenectady, Schenectady County. Pending against defendant at the time was an additional charge of violation of the terms of his probation. Defendant entered a plea bargain agreement whereby he pleaded guilty to the crime of criminal possession of a forged instrument in the second degree, in full satisfaction of all charges that were then pending against him. In exchange, it was agreed that defendant would not be prosecuted on any of the additional forged checks which the police currently had in their possession and that he would be sentenced to a term of incarceration of $1^1/_3$ to 4 years. Defendant thereafter pleaded guilty and received the agreed-upon sentence. Defendant appeals.

It is defendant's contention that he was mentally incompetent to enter a voluntary and intelligent guilty plea. He notes that he has been diagnosed as suffering from bipolar disorder for which he has been treated with prescription medications.

He has also been an inpatient at various psychological treatment centers, most recently from November 1994 to February 1995. Defendant contends that County Court should have ordered a hearing to determine his mental competency before accepting his guilty plea.

The determination as to whether to order a competency hearing is left to the sound discretion of the trial court. If there are "reasonable grounds" for believing that the defendant is incapable of preparing a defense or of understanding the proceedings or the charges against him, then a hearing must be ordered (*People v Simmons*, 182 AD2d 1018, 1019; *see, People v Armlin*, 37 NY2d 167, 171). Otherwise, a "presumption of sanity" prevails (*People v Gelikkaya*, 84 NY2d 456, 459) which cannot be rebutted by a mere showing that the defendant has a history of mental illness (*see, supra; People v Gensler*, 72 NY2d 239, 244, *cert denied* 488 US 932).

There is no indication in the record that defendant was mentally incompetent at the time he entered his guilty plea. During the colloquy between defendant and County Court, defendant capably answered all of the questions put to him, stating that he had consulted with his attorney, that he was not under the influence of alcohol or medication, that he knew he was in County Court entering a guilty plea pursuant to a plea bargain and that he was doing so "freely and voluntarily". Defendant's answers were in all respects appropriate, showing no indication of mental impairment requiring a competency hearing (*see, People v Batts*, 179 AD2d 937, 938).

Finally, we find that the sentence imposed pursuant to the plea bargain was appropriate under the circumstances presented here (*see, People v Zimmer*, 184 AD2d 972).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.