(October 17, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MASTROPIETRO, Appellant. [648 NYS2d 752] —Crew III, J. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered April 6, 1988, upon a verdict convicting defendant of the crimes of murder in the second degree, manslaughter in the first degree, grand larceny in the third degree, grand larceny in the fourth degree, burglary in the first degree and criminal possession of stolen property in the third degree, and (2) by permission, from an order of the Supreme Court (Keegan, J.), entered October 26, 1992 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In March 1987, defendant and Lloyd Cummings were indicted and charged with two counts of murder in the second degree, two counts of burglary in the first degree, grand larceny in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the third degree. All of the aforesaid charges arose out of events that occurred on March 13, 1987, which resulted in the stabbing death of Irene Farrell at her residence in the City of Watervliet, Albany County. Cummings thereafter pleaded guilty to one count of murder in the second degree and testified on behalf of the

People at defendant's ensuing trial. Defendant subsequently was found guilty of all charges, excepting one count of burglary in the first degree that was not submitted to the jury, and thereafter was sentenced to an aggregate indeterminate term of imprisonment of $27^1/_3$ years to life. In July 1992, defendant moved, *pro se*, to vacate his judgment of conviction pursuant to CPL 440.10, which motion was denied without a hearing. Defendant appeals from the judgment of conviction and, by permission of this Court, from denial of his CPL 440.10 motion.

Of the numerous issues raised by defendant in his brief, only three warrant comment. At the time that the police investigated the homicide, numerous photographs and a videotape were taken of the crime scene and decedent, which were introduced by the People at defendant's trial. Defendant argues that their admission into evidence constitutes reversible error. We disagree. It is well settled that photographic evidence is admissible, in the sound discretion of the trial court, where it tends to prove a material issue in the case or where it illustrates expert testimony, and this is so even where the evidence portrays a distasteful scene that may tend to arouse the passion of the jury (*see, People v Pobliner*, 32 NY2d 356, 369-370, *cert denied* 416 US 905). Such evidence should be excluded "only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*supra*, at 370). The record makes plain that the photographs and the videotape were offered for the purpose of establishing defendant's intent in causing decedent's death, as well as to corroborate the testimony of the People's expert witness and, as such, were fully admissible (*see, People v Stevens*, 76 NY2d 833, 836).

Next, defendant contends that he is entitled to a new trial by reason of the improper and inflammatory remarks of the prosecutor during his summation. A review of the record leaves little doubt that the Assistant District Attorney made numerous intemperate and improper remarks during the course of his summation. However, the record is devoid of any objections by defendant to the now complained-of statements and the issue, therefore, has not been preserved for our review (*see, People v Duggan*, 229 AD2d 688, 690). Moreover, even if we were to consider defendant's contentions in the interest of justice, the evidence of defendant's guilt is so overwhelming as to render the improper remarks harmless (*see, People v D'Alessandro*, 184 AD2d 114, 120, *lv denied* 81 NY2d 884).

Finally, defendant contends that Supreme Court erred in denying his motion to vacate the judgment of conviction

without granting him a hearing. Again, we disagree. On his motion to vacate the judgment of conviction, defendant claimed, *inter alia*, that he was entitled to a new trial based upon "newly discovered" evidence and the People's failure to provide him with Cummings' criminal history pursuant to the dictates of CPL 240.45 (1) (b). In support of his first assertion, defendant submitted a letter written to him by Cummings in 1991, in which Cummings asserts that he was on a "psychotic" medication at the time of defendant's trial and that he had been in and out of psychiatric hospitals before he testified at defendant's trial. Defendant asserts that this is newly discovered evidence, of which he was not aware at the time of his trial, and that such evidence entitles him to a new trial.

Even assuming that such evidence might be the basis for a new trial, the People produced documentary evidence demonstrating that defendant was or should have been aware of Cummings' mental condition at the time of trial. The People provided defense counsel with a copy of a letter authored by Cummings to the District Attorney, in which he threatened suicide. They also provided defense counsel with a transcript of Cummings' plea allocution, in which he disclosed to the court that he was taking the medication "novaine" for "seeing images", and the transcript of the *Wade* hearing, wherein there was discussion as to the need for a psychological examination of Cummings. Under the circumstances, the revelations contained in Cummings' 1991 letter hardly can be considered "new" and certainly do not constitute evidence that could not have been produced at trial with the exercise of due diligence. Additionally, the People provided defense counsel with a copy of Cummings' NYSID containing his criminal history. Accordingly, defendant's assertions have been conclusively refuted by documentary evidence, and there was no need for a hearing as urged by defendant (*cf., People v Session*, 34 NY2d 254, 256). We have reviewed defendant's remaining contentions and find them to be equally without merit.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment and order are affirmed.