(January 29, 1998)

**1** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY STONIS, Appellant. [667 NYS2d 843] —White, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered May 5, 1997, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Defendant was indicted and charged with the crime of murder in the second degree in connection with the fatal stabbing of a man in the Village of Malone, Franklin County. Defendant subsequently pleaded guilty to the crime of manslaughter in the first degree in full satisfaction of the indictment and was sentenced in accordance with the plea agreement as a second felony offender to a determinate prison term of 21 years. Defendant now appeals and we affirm.

We reject defendant's claim that the plea was not knowing, voluntary and intelligent (*see, People v Dewer*, 243 AD2d 984, 985). Initially, although the record is clear that defendant suffered from a long history of mental illness, we reject his claim that County Court abused its discretion by failing to order a mental competency examination prior to accepting his plea (*see*, CPL 730.30 [1]). A defendant is presumed competent and a trial court is not required to order an examination unless it has reason to believe that the defendant is an "incapacitated person" (CPL 730.10 [1]; 730.30 [1]; *see, People v Morgan*, 87 NY2d 878, 879-880; *People v Dover*, 227 AD2d 804, 805, *lv*

*denied* 88 NY2d 984). A defendant's psychiatric history alone does not mandate that the court order such an examination (*see, People v Morgan, supra,* at 881). Upon our review of the record, there is nothing to suggest that defendant was unable as a result of mental disease or defect to understand the proceedings or to assist in his own defense (*see,* CPL 730.10 [1]; *People v Planty,* 238 AD2d 806, *lv denied* 89 NY2d 1098). To the contrary, defendant's responses to County Court's inquiries were at all times appropriate.

The plea allocution reveals that defendant expressed his desire to enter into his counseled plea of guilty after County Court advised him of his rights and those he would forfeit by a plea. Defendant acknowledged his understanding of the court's admonitions, denied that his plea was induced by force or threat, explained that although he was taking medication at the time such medication was prescribed for him by his physicians, and freely admitted that he had, in fact, committed the act described in the indictment. Contrary to defendant's contention, he was not required to recite all of the elements of the underlying crime nor was County Court required to elicit defendant's version of the events (*see, People v Dewer, supra,* at 985). The record belies defendant's remaining contention that his plea allocution raised the possibility of an intoxication defense and that County Court erred in accepting his plea without further inquiry. In view of the foregoing, we find no basis upon which to vacate the plea. Moreover, finding that the sentence was neither harsh nor excessive, we decline to disturb it.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.