■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. PERROTTI, Appellant. [685 NYS2d 116] —Yesawich Jr., J. Appeal, by permission, from an order of the County Court of Albany County (Breslin, J.), entered March 7, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of two counts of the crime of assault in the first degree, after a hearing.

As the result of an incident in which he shot his sister-in-law and beat his wife about the head with a shotgun and a ceramic crock pot, defendant was charged with attempted murder, burglary and assault (two counts each). He ultimately pleaded guilty to two counts of assault in the first degree and was sentenced, in accordance with a plea bargain, to consecutive sentences aggregating to a total of 8⅓ to 25 years' imprisonment.* On direct appeal, this Court concluded that defendant's plea was entered "knowingly and voluntarily with the assistance of competent counsel", and we affirmed the conviction (153 AD2d 992, 993, *lv denied* 75 NY2d 774).

Defendant subsequently moved, pursuant to CPL 440.10, to vacate the judgment of conviction on the grounds that he had been unable to comprehend the proceedings, or to assist counsel

---

* The maximum term of these sentences was reduced, pursuant to statute, to 20 years (*see,* Penal Law § 70.30 [1] [c] [i]).

in mounting a defense, when his plea was entered; that County Court had not followed the proper procedures for assessing his competence, as mandated by CPL article 730; and that he had been denied the effective assistance of counsel. The motion was denied, after a hearing, and this court granted defendant permission to appeal.

We affirm. In support of his motion, defendant argued, in essence, that once it was brought to County Court's attention, during his arraignment that a psychiatric examination had been ordered (apparently in the course of an earlier bail hearing, before a different Judge), the court had an obligation to follow the procedures set forth at CPL 730.20 before conducting further proceedings or permitting defendant to enter a guilty plea (*see, People v Armlin*, 37 NY2d 167, 172). Defendant has not, however, demonstrated that the initial examination was prompted by any doubt as to his legal competency to stand trial, or was even intended to assess his abilities in that regard.

Nor does the mere fact that a psychological or psychiatric examination has been ordered, for an undisclosed reason—as was the case here—necessarily constitute " 'reasonable grounds' for believing that the defendant is incapable of preparing a defense or of understanding the proceedings or the charges against him" (*People v Dover*, 227 AD2d 804, 805, *lv denied* 88 NY2d 984, quoting *People v Simmons*, 182 AD2d 1018, 1019), so as to mandate a hearing on the issue (*see, People v Morgan*, 87 NY2d 878, 880). It is noteworthy that the psychiatric reports available to County Court when defendant entered his plea indicated that his mental status was "normal", his speech and thought processes were "well organized", and while his insight and judgment were fair or poor, there was "[n]o evidence of thought disorder". One doctor noted, in a report dated just eight days prior to defendant's guilty plea, that "he was aware of the circumstances leading to his arrest and the circumstances that were to follow". While this report concludes with the observation that defendant "probably would require some psychiatric intervention to * * * make an adequate adjustment to a structured environment", a recommendation that psychiatric treatment be pursued is not necessarily indicative of incompetence (*see, People v Zochowski*, 16 AD2d 669, 670, *cert denied* 373 US 926; *cf., People v Tortorici*, 249 AD2d 588, 589-591, *lv granted* 91 NY2d 1015). The evidence, as established by the transcripts introduced at the hearing, of defendant's actual participation during his arraignment and the later plea colloquy provides additional support for the

conclusion that County Court's decision not to conduct a formal inquiry into defendant's competency did not constitute error (*see, People v Morgan, supra,* at 880; *People v Gensler,* 72 NY2d 239, 244, *cert denied* 488 US 932; *People v Parker,* 191 AD2d 717, *lv denied* 81 NY2d 1078; *People v Alesandre,* 175 AD2d 403, 404, *lv denied* 79 NY2d 824).

Also unconvincing is defendant's claim that he did not receive effective assistance of counsel, because his attorney did not pursue the issue of defendant's competency "and exhaust it as a possible defense" before urging defendant to accept the People's plea offer. There is simply no evidence to substantiate defendant's assertion that the decision to recommend that defendant plead guilty was other than a "sound defense strategy" (*People v Johnson,* 91 AD2d 782, 783), based on, *inter alia,* a realistic evaluation of the likelihood of prevailing on the issue of defendant's competency and the probability that the People's offer would be withdrawn if not promptly accepted (*see, People v Strempack,* 134 AD2d 799, 800-801, *affd* 71 NY2d 1015).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed.