■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO CARBONEL, Appellant. [745 NYS2d 367] —Appeal from a judgment of Genesee County Court (Noonan, J.), entered December 6, 2000, convicting defendant upon his plea of guilty of attempted criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]), defendant contends that County Court erred in accepting his plea and in thereafter sentencing him without sua sponte ordering a competency examination pursuant to CPL 730.30. We reject that contention. "A defendant is presumed competent * * *, and the court is under no obligation to issue an order of examination * * * unless it has 'reasonable ground * * * to believe that the defendant [may be] an incapacitated person'" (*People v Morgan,* 87 NY2d 878, 880). Although a discharge summary from a hospital indicated that defendant had a history of mental illness in the years 1980 and 1999, that prior history "does not in itself call into question defendant's competence" at the time of the plea or at sentencing, both of which occurred over a year after the last reported episode of mental illness in 1999 (*People v Tortorici,* 92 NY2d 757, 765, *cert denied* 528 US 834; *see People v Gelikkaya,* 84 NY2d 456, 459-460). "There is no indication in the record that defendant was mentally incompetent at the time he entered his guilty plea" or at sentencing (*People v Dover,* 227 AD2d 804, 805, *lv denied* 88 NY2d 984). Defendant exhibited no delusional behavior at the time of the plea or at sentencing (*see People v Graham,* 272 AD2d 479, 480, *lv denied* 95 NY2d 865), and defense counsel, "who was in the best position to assess defendant's capacity," did not raise the issue of defendant's fitness to proceed or request an examination pursuant to CPL 730.30 (2) (*Gelikkaya,* 84 NY2d at 460; *see Tortorici,* 92 NY2d at 767; *cf. People v Bangert,* 22 NY2d 799, 800). Instead, defendant answered all of the court's questions and his "answers were in all respects appropriate, showing no indication of mental impairment requiring a competency hearing" (*Dover,* 227 AD2d at 805). Finally, the sentence is neither unduly harsh nor severe. Present—Hayes, J.P., Wisner, Hurlbutt, Burns and Lawton, JJ.