■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WILLIAMS, Appellant. [751 NYS2d 917] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered November 13, 2000, convicting defendant upon his plea of guilty of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [4]). Contrary to defendant's contention, Supreme Court did not err in failing sua sponte to order a competency hearing where, as here, nothing in the record raises a " 'reasonable ground * * * to believe that the defendant was an incapacitated person' " (*People v Morgan,* 87 NY2d 878, 880, quoting *People v Armlin,* 37 NY2d 167, 168; *see also* CPL 730.30; *People v Carbonel,* 296 AD2d 858). Furthermore, " '[t]here is no indication in the record that defendant was mentally incompetent at the time he entered his guilty plea' or at sentencing" (*Carbonel,* 296 AD2d at 858, quoting *People v Dover,* 227 AD2d 804, 805, *lv denied* 88 NY2d 984). We further reject the contention of defendant that he was denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 147). Defendant failed to move to withdraw his plea of guilty or to vacate the judgment of conviction and thus failed to preserve for our review his contention that his plea was not knowingly, voluntarily and intelligently entered (*see People v Lopez,* 71 NY2d 662, 665; *People v Shumway,* 295 AD2d 916, 917). In any event, that contention lacks merit. The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Burns and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUBBERT WESTBROOK, Appellant. [751 NYS2d 914] —Appeal from a judgment of Niagara County Court (Broderick, Sr., J.), entered June 7, 2001, convicting defendant upon his plea of guilty of attempted criminal sale of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (*see People v Hidalgo,* 91 NY2d 733, 737). Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.