Spain, J.
Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered December 3, 2001, convicting defendant upon his plea of guilty of the crime of criminal mischief in the fourth degree.
Defendant was indicted for criminal mischief in the third degree, a felony, after kicking a van belonging to a local televi- . sion station causing approximately $1,600 in damage to the vehicle. Pursuant to a negotiated plea agreement, he pleaded guilty to criminal mischief in the fourth degree and was sentenced to serve three years’ probation and pay restitution. Defendant now appeals, and we affirm.
Defendant’s challenge to the voluntariness of his plea is not preserved given his failure to move to withdraw his plea or to vacate the judgment of conviction (see People v Angus, 303 AD2d *706 829, 829 [2003], lv denied 100 NY2d 536 [2003]; People v Camp, 302 AD2d 629, 630 [2003], lv denied 100 NY2d 593 [2003]). We nevertheless exercise our discretion to address the issue and reject defendant’s contention that County Court abused its discretion in accepting his plea without first holding a CPL article 730 hearing to determine his competency despite his history of mental illness (see People v Dover, 227 AD2d 804, 805 [1996], lv denied 88 NY2d 984 [1996]). “A defendant is presumed competent and a trial court is not required to order an examination unless it has reason to believe that the defendant is an ‘incapacitated person’ ” (People v Stonis, 246 AD2d 911, 911 [1998], lv denied 92 NY2d 883 [1998], quoting CPL 730.10 [1] and 730.30 [1]), i.e., that he or she “as a result of mental disease or defect lacks capacity to understand the proceedings against him [or her] or to assist in his [or her] own defense” (CPL 730.10 [1]; see People v Stonis, supra at 912). A trial court is not required to hold a CPL article 730 hearing simply because a defendant has a history of mental illness (see People v Morgan, 87 NY2d 878, 879-880 [1995]; People v Stonis, supra at 912), and such a history does not necessarily render a defendant incompetent to enter a knowing and voluntary plea (see People v Greene, 274 AD2d 842, 843 [2000], lv denied 95 NY2d 963 [2000]).
Here, County Court conducted a lengthy colloquy during which defendant not only answered the court’s questions affirming his understanding of his rights, the terms of the plea agreement and the nature of the proceedings, but he also affirmatively asked questions for clarification. There is nothing in this record indicating that defendant lacked the capacity to enter a knowing, intelligent and voluntary plea and, accordingly, we find no abuse of discretion in the court’s acceptance of his plea without holding a competency hearing {see id. at 843; People v Stonis, supra at 912).
We also are unpersuaded by defendant’s argument that defense counsel’s failure to request a CPL article 730 hearing deprived him of the effective assistance of counsel. Defendant was charged with a felony and facing a maximum of four years in state prison {see Penal Law § 70.00 [2] [e]; [4]; § 145.05), and defense counsel made pretrial motions and successfully negotiated a plea agreement whereby defendant avoided a felony conviction and was sentenced to probation without jail time. As discussed, defendant exhibited his understanding of his rights and expressed his satisfaction with defense counsel’s representation on the record. Under these circumstances, we cannot say that defense counsel’s recommendation to defendant that he *707 plead guilty “was other than a ‘sound defense strategy’ ” (People v Perrotti, 257 AD2d 776, 778 [1999], lv denied 93 NY2d 901 [1999], quoting People v Johnson, 91 AD2d 782, 783 [1982]) and hold, therefore, that defendant was not deprived of meaningful representation (see People v Perrotti, supra at 778; see also People v D’Adamo, 293 AD2d 869, 872 [2002], lv denied 98 NY2d 730 [2002]).
Mercure, J.P, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.