■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS J. HICKS, Appellant. [798 NYS2d 255]—

Mugglin, J. Appeals (1) from a judgment of the County Court of Schenectady County (Eidens, J.), rendered January 21, 1997, upon a verdict convicting defendant of the crimes of murder in the second degree, assault in the first degree, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and (2) from a judgment of said court, entered January 29, 1997, which declined to resentence defendant following said convictions.

Defendant's convictions result from his having sold $10 worth of crack cocaine, on credit, to the victim. When defendant confronted the victim for payment, an argument ensued and defendant, using a sawed-off shotgun, at point-blank range, shot the victim in the face. At the hospital, the victim's family asked for a "Do Not Resuscitate" order and elected to forego the use of antibiotics. The victim died 13 days later from bronchopneu-

monia. At trial, the medical examiner testified for the prosecution that the victim's wounds were so extensive that they never could have been closed, infection was inevitable and, therefore, the shotgun blast to her face caused her death. Defendant's expert pathologist testified that, had the victim received proper antibiotic therapy, she "well might be alive today," although she would be scarred and disfigured. His expressed opinion was that the action of the victim's family was a supervening cause which broke the chain of causation between the shotgun blast and the victim's death. Defendant, after guilty verdicts were returned, was sentenced to 25 years to life for the intentional murder conviction, 7$^1$/$_2$ to 15 years for the assault conviction, to run concurrently with the murder sentence, and 12$^1$/$_2$ to 25 years for each of the drug convictions, as a second felony offender. County Court directed that each drug sentence run consecutive to the murder and assault sentences.

On appeal, defendant makes three related arguments addressed to the cause of death issue. He asserts that the murder verdict is not supported by legally sufficient evidence, that it is against the weight of the evidence and that County Court's charge on this issue was erroneous.

To prove defendant guilty of murder in the second degree, the People must establish beyond a reasonable doubt that defendant's conduct caused the death of the victim (*see* Penal Law § 125.00; *People v Stewart*, 40 NY2d 692, 697 [1976]). A person causes the death of another when his or her conduct forges a link in a chain of events which brings about the death of another person. The intervention of a secondary agency constitutes a defense to the charge only if the death is solely attributable to the secondary agency (*see People v Stewart, supra* at 697). In other words, to break the chain of events sufficiently to preclude the requisite causation for murder, the evidence must conclusively establish that the death was in no way attributable to defendant's conduct (*see People v Kane*, 213 NY 260, 270 [1915]).

On this record, we cannot conclude that death was solely attributable to the victim's decision to forego medical treatment for infection (*see People v Griffin*, 80 NY2d 723, 727 [1993]), or that it was in no way attributable to defendant's conduct. We thus conclude that the jury's determination is supported by legally sufficient evidence and is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Jefferson*, 248 AD2d 815, 817 [1998], *lv denied* 92 NY2d 926 [1998]). Moreover, County Court's jury charge tracked, nearly word for word, relevant case law and we find it to be entirely proper.

Next, defendant asserts that admission of autopsy photographs and one photograph depicting the victim's appearance before being shot was so prejudicial as to deprive him of a fair trial. However, the most significant issue during trial was the cause of death and the photographs are relevant and probative on that issue (*see People v Stevens*, 76 NY2d 833, 835 [1990]). As a result, we discern no abuse of County Court's discretion in admitting such photographic evidence (*see People v Mastropietro*, 232 AD2d 725, 726 [1996], *lv denied* 89 NY2d 1038 [1997]).

We also conclude that legally sufficient evidence supports the jury's determination that defendant did indeed possess and sell a controlled substance. Although the testimony regarding the actual drug transaction comes from defendant's accomplice, other evidence presented by the People sufficiently corroborates the testimony of the accomplice to support the conviction (*see* CPL 60.22 [1]; *People v Lawrence*, 1 AD3d 625, 626-627 [2003], *lv denied* 1 NY3d 630 [2004]). Defendant's former girlfriend testified that she was present when defendant, the victim and the accomplice conversed concerning the drug transaction. Although not actually proving guilt (*see People v Hudson*, 51 NY2d 233, 238 [1980]), her testimony sufficiently links defendant to the commission of the crimes charged and is adequate corroboration of the accomplice testimony (*see People v Breland*, 83 NY2d 286, 294 [1994]).

Lastly, it is undisputed that defendant was improperly categorized as a second felony offender at the time of his sentence and, thus, a reduction in the sentences imposed for criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree is required (*see People v Alesandre [Jimmy]*, 175 AD2d 403, 404 [1991], *lvs denied* 79 NY2d 824, 828 [1991]). We modify the sentences imposed on each conviction to terms of 8$^1$/$_3$ to 25 years (*see* Penal Law § 70.00 [2] [b]; [3] [b]; § 70.06 [3] [b]; [4] [b]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgments are modified, on the law, by reducing the sentences imposed on defendant's convictions for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree to 8$^1$/$_3$ to 25 years for each conviction, and, as so modified, affirmed.