■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYLE W. WRIGHT, Appellant. [830 NYS2d 861]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 24, 2004, upon a verdict convicting defendant of the crime of murder in the second degree.

On this appeal from a verdict convicting him of murdering his mother, defendant makes four arguments urging reversal. First, he argues that the police lacked probable cause to effect his warrantless arrest and, therefore, his statements and certain physical evidence should have been suppressed. We disagree. The officer who ordered defendant's arrest knew that the victim's granddaughter had called the victim's residence and someone picked up the telephone, but did not speak; the granddaughter heard defendant (her uncle) shout "m . . . f . . . , get away from it" and the granddaughter then heard a loud crash and hung up. When she attempted to call back, the line was busy; alarmed, she called both her boyfriend and her brother (who also lived at the premises with the victim and defendant). The boyfriend saw defendant, wearing dark clothing and carrying a blue duffle bag, leaving the rear of the premises. The brother entered the premises and, after discovering the victim's body, armed himself with a knife and set out to find defendant. While searching for defendant, he stopped at a police station and reported his findings and asked the police to go to the premises. When the brother returned to the premises, the police were there and had observed the victim—who had suffered a gaping wound to the head and neck—lying next to the telephone and the receiver had not been recradled. Such evidence is adequate for the police to reasonably believe that a crime was committed and that defendant committed it (see CPL 140.10 [1] [b]; People v Curry, 294 AD2d 608, 610 [2002], lv denied 98 NY2d 674 [2002]; People v Hill, 146 AD2d 823, 824 [1989], lv denied 73 NY2d 1016 [1989]). Although neither arresting officer personally possessed sufficient knowledge, their fellow officer who ordered the arrest did (see People v Ketcham, 93 NY2d 416, 419 [1999]; People v Whitehead, 23 AD3d 695, 696 [2005], lv denied 6 NY3d 840 [2006]). Moreover, when approached, defendant fled and attempted to hide. While this alone would not establish probable cause, it adds to the body of knowledge of the arresting officers (see People v Tillie, 239 AD2d 670, 672 [1997], lv denied 91 NY2d 881 [1997]).

Second, defendant argues that County Court's Sandoval ruling resulted in an unfair trial. Although defendant's rape and robbery convictions were approximately 20 years old, their age

does not automatically preclude use on cross-examination, particularly where a *Sandoval* compromise is employed (*see People v Teen*, 200 AD2d 785, 786 [1994], *lv denied* 83 NY2d 859 [1994]). Notably, defendant had been released from prison as a result of these convictions only nine months prior to the present offense. Given this fact and the court's decision to preclude any inquiry into the underlying facts of the convictions, we discern no error (*see People v Layman*, 284 AD2d 558, 560 [2001], *lv denied* 96 NY2d 903 [2001]), since the prior convictions were probative of defendant's willingness to place his own interests above that of others, making them probative of his credibility (*see People v Dunbar*, 31 AD3d 895, 896 [2006], *lv denied* 7 NY3d 867 [2006]).

Third, by the application of well-established standards (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]; *People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]; *People v Walton*, 16 AD3d 903, 904 [2005], *lv denied* 5 NY3d 796 [2005]), we find no merit to defendant's argument that his conviction was not supported by legally sufficient evidence or that it was against the weight of the evidence. In this regard, we first note that defendant does not point to conflicts in the record, but argues the absence of any eyewitness testimony, the absence of clear evidence of motive and the lack of any definitive admission of guilt. We are unpersuaded. In addition to the evidence supporting the issue of probable cause—hereinabove described—which the People introduced at trial, the People also established that defendant told police that he was arguing with his mother and the next thing he knew she was bleeding from her head and he had taken away her pain. Also, the physical evidence established that the victim died as a result of a blow from a sharp, blunt instrument, the police recovered an axe from behind the residence, and DNA found on the head of the axe and on the clothing that defendant was seen wearing as he left the premises was that of the victim.

Lastly, defendant argues that County Court denied him a fair trial by allowing into evidence autopsy photographs and photographs of a sickle, hammer and a red baseball glove, as the autopsy photographs were too inflammatory and the other photographs were irrelevant and, therefore, prejudicial. No objection to the photograph of the glove was made so that issue is unpreserved (*see People v Brown*, 23 AD3d 703, 705 [2005], *lv denied* 6 NY3d 810 [2006]). The photographs of the sickle and hammer were corroborative of the testimony of one of the People's witnesses and were, therefore, admissible in the court's

discretion (*see People v Hicks*, 20 AD3d 695, 697 [2005], *lv denied* 5 NY3d 828 [2005]). The autopsy photographs were not admitted for the sole purpose of arousing the emotions of the jury (*see People v Wood*, 79 NY2d 958, 960 [1992]; *People v Pobliner*, 32 NY2d 356, 369-370 [1973]; *People v Mastropietro*, 232 AD2d 725, 726 [1996], *lv denied* 89 NY2d 1038 [1997]), but tended to prove a material fact in issue (*see People v Stevens*, 76 NY2d 833, 835 [1990]). Notably, only three of approximately 30 autopsy photographs were used and, showing the severity of the wound, they were probative on the issue of defendant's intent to kill.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.