■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARNER ALLEN, Appellant. [861 NYS2d 789]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered October 25, 2006, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion

which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had probable cause to arrest him (*see* CPL 70.10 [2]; *People v Sanders,* 79 AD2d 688 [1980]; *see generally People v Carrasquillo,* 54 NY2d 248, 254 [1981]). Accordingly, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials was properly denied.

The trial court providently exercised its discretion in admitting into evidence portions of a surveillance video previously admitted and a three-dimensional depiction of the crime scene (*see People v Yates,* 290 AD2d 888, 889-890 [2002]).

The defendant contends that the evidence presented at trial was legally insufficient as to the elements of identification and causation. However, only the former is preserved for appellate review (*see People v Davidson,* 98 NY2d 738 [2002]; *People v Padro,* 75 NY2d 820, 821 [1990]; *People v Sadler,* 49 AD3d 670 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see Matter of Anthony M.,* 63 NY2d 270, 280-281 [1984]; *People v Hicks,* 20 AD3d 695, 696 [2005]).

Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Viewing the record as a whole, the defendant was afforded meaningful representation (*see People v Henry,* 95 NY2d 563, 566 [2000]; *People v Ford,* 86 NY2d 397, 404 [1995]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, does not require reversal. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.