■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. COX, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered May 4, 1981, upon a verdict convicting defendant of the crimes of arson in the third degree and burglary in the third degree. As a result of a fire which occurred on June 26, 1980 at a building known as the Bruce Nichols residence in the Town of New Lisbon, Otsego County, defendant was indicted on one count of arson in the third degree, a class C felony (Penal Law, § 150.10) and one count of burglary in the third degree, a class D felony (Penal Law, § 140.20). Ultimately, following a jury trial in April of 1981, he was found guilty of both counts of the indictment and sentenced to concurrent indeterminate terms of imprisonment of 4 to 12 years for the arson conviction and 2⅓ to 7 years for the burglary conviction. The instant appeal followed. We hold that the challenged judgment should be affirmed and, in so ruling, find unpersuasive defendant's contention that the court erred in refusing to hold a second competency hearing. At the request of defendant's counsel, the court held a pretrial fitness to proceed hearing in accordance with CPL 730.30 on December 8, 1980, and thereafter concluded that defendant was fit to proceed and able to contribute to the preparation of his own defense. When defense

counsel sought a second competency hearing immediately prior to trial, the court denied his request, and since defense counsel did not sufficiently particularize his claim that defendant was unfit to proceed, and there was no evidence of changed circumstances since the court's initial determination which would warrant another hearing, the court's ruling should not be disturbed (cf. *People v Rodriguez,* 79 AD2d 576, affd 56 NY2d 557). Defendant's remaining arguments are likewise lacking in substance. No objection was taken at trial to the testimony of the Otsego County Fire Coordinator to the effect that the fire at issue was started by arson, and, at any rate, the testimony was not prejudicial to defendant who conceded in a signed statement that he started the blaze (cf. *People v Bolden,* 82 AD2d 757). Similarly, defendant was not prejudiced by testimony of a prosecution witness indicating that defendant had been present at another fire scene so as to require a mistrial, and nothing in the prosecutor's summation warrants disturbance of the convictions. Lastly, it is clear from a reading of the record that the jury convicted defendant of arson in the third degree and burglary in the third degree, and no abuse of the court's discretion in imposing sentence has been demonstrated. Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.