◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO FRANCO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered August 21, 1984, convicting him of sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Based upon his extensive history of psychiatric treatment, the defendant contends that the court erred in denying his

second application for the appointment of a qualified psychiatrist to assist him with regard to his capacity to proceed and with regard to the defense of not guilty by reason of mental disease or defect (see, Penal Law § 30.05). The defendant maintains that the denial of that application deprived him of effective assistance of counsel and resulted in the imposition of cruel and unusual punishment. The defendant's contentions are without merit.

The reports of two qualified psychiatrists appointed by the Director of Community Health Services to examine the defendant pursuant to CPL 730.30 indicated that the defendant did not lack the capacity to understand the proceedings against him or to assist in his defense. Neither the defendant nor his counsel ever challenged that conclusion (see, People v Lacher, 59 AD2d 725). Additionally, the court granted the indigent defendant's initial application to employ Dr. George Petro, a qualified psychiatrist, as an expert witness on his behalf, at the county's expense. Both Dr. Petro and Dr. Zolan, the psychiatrist employed by the People, examined the defendant and concluded that the defense of not guilty by reason of mental disease or defect was not viable.

The defendant seeks a reversal predicated upon the court's refusal to sign an order to show cause seeking the appointment of Dr. Loo, another qualified psychiatrist, for the same purposes asserted in his first motion. The papers supporting this second application contained a misrepresentation that the order to show cause was the defendant's first application for such relief. Additionally, no new evidence was proffered to demonstrate that the defendant was in need of further examination. Under these circumstances, the court properly declined to sign the order to show cause (see, People v Picozzi, 106 AD2d 413; People v Cox, 93 AD2d 946; People v Mitchell, 90 AD2d 854). Moreover, a reading of the record indicates that the defendant was not an incapacitated person. The court exercised additional caution before accepting the defendant's guilty plea and imposing sentence. The defendant did not display any erratic or unusual behavior (cf. People v Peterson, 40 NY2d 1014), and the clarity and definiteness of his responses to the questions asked by the court and the clerk indicate that he was oriented as to time and place and had an understanding of the proceedings. The court imposed the promised sentence and, pursuant to defense counsel's request, the defendant's medical records were to be forwarded to the Department of Correctional Services so that the defendant could

continue to receive treatment. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.