■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CARBONE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 11, 1988, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends, among other things, that the court, having been made aware of his mental problems, should have ordered a psychiatric examination pursuant to CPL 390.30 (2) and should have conducted a hearing to determine the defendant's mental condition at the time of sentencing and at trial. We disagree. Because the claim that the court should have ordered a psychiatric exam pursuant to CPL 390.30 (2) was never raised during the trial or at sentencing when it might have been remedied, but rather is raised for the first time on appeal, it is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 249-252). Furthermore, the court properly refused to order an examination pursuant to CPL 730.10, to determine whether the defendant was competent to stand trial. There is no indication in the record that the defendant, as a result of any mental disease or defect, was incapable of understanding the proceedings against him or unable to assist in his own defense (CPL 730.20 [1]). Rather, the record shows that he discussed with his counsel whether or not he should plead guilty, whether he should be present during the *Wade* hearing on the admissibility of certain identification testimony by an eyewitness during the trial, and whether he ought to testify in his own defense. The defendant's incarceration pending his trial, at the psychiatric ward of the Brooklyn House of Detention, and his attempted suicide do not establish that he lacked the

capacity to understand the proceedings against him *(see, People v Dudasik,* 112 AD2d 20). When, as here, the court is satisfied from the available information that there is no proper basis to question the defendant's sanity, the defendant is not entitled, as a matter of right, to have his capacity to stand trial passed upon *(see, People v Gensler,* 72 NY2d 239, 245, *cert denied* 488 US 932, citing *People v Armlin,* 37 NY2d 167, 171). The record here provides no basis for remitting the case to the Supreme Court for a competency hearing.

We have examined the defendant's other contentions and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.