■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCHELLE KONITS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 28, 1986, convicting her of conspiracy in the fifth degree, criminal possession of a controlled substance in the fifth degree, criminal possession of a hypodermic instrument, and violation of Public Health Law § 3335 (1) and § 3381 (1), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In this very bizarre case, the defendant, a physician, attempted to have one of her patients drug, kidnap and bring to her office another physician so that the defendant could engage in sex with him. In return for this, the defendant offered to provide her patient with illegal drugs. After this proposition was reported to the police, the defendant repeated the offer to her patient and a police informant. That conversation was recorded. The defendant then furnished the patient and the informant with drugs and a hypodermic needle in furtherance of her plan. The defendant also gave the informant a prescription for valium without performing any medical examination upon him. Following the defendant's arrest, she admitted to the police that she wanted the intended victim brought to her office so that she might have sex with him.

Initially, we note that the trial court did not improvidently exercise its discretion in denying the defendant's application for a further examination pursuant to CPL 730.30 to ascertain her competency to stand trial. An examination pursuant to CPL 730.30 only months before the trial indicated that she was competent to stand trial and there was no evidence proffered to show that there had been any change in circumstances which would have necessitated a second examination *(see, People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932; *People v Kestin,* 134 AD2d 453; *People v Cox,* 93 AD2d 946).

We reject the defendant's argument that she was denied her constitutional right to a fair trial by virtue of ineffective assistance of trial counsel. The record reveals that trial counsel proceeded as effectively as possible in light of the overwhelming evidence of the defendant's guilt. He made numerous pretrial motions and obtained pretrial hearings, vigorously cross-examined the People's witnesses, and stressed unreliability and inconsistencies in their testimony. He further presented an aggressive opening and summation and proceeded as well as possible in light of the defendant's damning statements and the physical evidence consisting of the hypodermic instrument, drugs and valium prescription. In sum, on our review of the record, we are satisfied that the defendant received meaningful representation and was not denied a fair trial *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Aiken,* 45 NY2d 394).

We have reviewed the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.