■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS ROGERS, Appellant.—Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered November 1, 1985, convicting him of murder in the second degree, conspiracy in the second degree, and robbery in the second degree (two counts), upon his plea of guilty, and imposing sentence, and (2) by permission, from an order of the same court, dated October 21, 1988, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The defendant was convicted, *inter alia,* of murder in the second degree resulting from the death of his adoptive father. The record revealed an alleged persistent pattern of mental and sexual abuse by the adoptive father toward the defendant. On appeal, the defendant essentially contends that the Supreme Court should have vacated the judgment of conviction, rendered upon a plea of guilty, because he was incompetent to stand trial pursuant to CPL 730.10, and therefore, he was incapable of participating in the proceedings leading up to his plea of guilty. We disagree.

Initially, we note that the Supreme Court did not improvidently exercise its discretion in accepting the defendant's plea of guilty without *sua sponte* ordering a competency hearing or an updated competency examination pursuant to CPL 730.30. In a court-ordered examination conducted approximately one year prior to the defendant's entry of his guilty plea the defendant was found fit to stand trial. The defendant did not proffer evidence of changed circumstances following the initial examination which would warrant a hearing or an updated examination prior to the guilty plea *(see, People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932; *People v Konits,* 159 AD2d 590; *People v Kestin,* 134 AD2d 453; *People v Cox,* 93 AD2d 946). While the record indicates that the defendant was readmitted to Kings County Hospital several weeks before his plea of guilty was taken, apparently because he evidenced increased anxiety levels and stronger suicidal tendencies as the trial date approached, the records concerning that admission do not establish that the defendant lacked the capacity to understand the proceedings against him or that he was unable to assist in his defense *(see, People v Carbone,* 159 AD2d 511; *People v Dudasik,* 112 AD2d 20; *People v Colville,* 74 AD2d

928). The Supreme Court properly considered the relevant factors bearing upon the issue of the defendant's competency *(see, People v Williams,* 144 AD2d 402, 403; *People v Picozzi,* 106 AD2d 413, 414), and, based upon a review of the record, we are satisfied from the available information that there was no proper basis for questioning the defendant's competency *(see, Dusky v United States,* 362 US 402; *People v Gensler, supra,* at 245; *People v Armlin,* 37 NY2d 167, 171; *see also, People v Carbone, supra).*

With regard to the defendant's correlative argument regarding the voluntariness of his guilty plea, we are also satisfied that the plea was voluntarily made. The plea allocution satisfied the defendant's constitutional right to due process of law *(see, People v Harris,* 61 NY2d 9). The Supreme Court fully apprised the defendant of the constitutional rights waived by his plea of guilty, as well as other consequences bearing upon his choice to plead guilty to the charges. The defense counsel also indicated that he had discussed the plea with the defendant, including the paucity of proof with regard to the defense of extreme emotional disturbance and the lack of any evidence in support of an insanity defense. The defendant acknowledged his guilt and that he understood the implications of his plea, including his waiver of the defenses of extreme emotional disturbance and insanity, and that it was in his best interest to plead guilty *(see, People v Harris, supra; People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067). In view of the Supreme Court's favorable sentence promise, despite the seriousness of the crimes, it cannot be said that the defendant's guilty plea was not a rational one, or that the plea did not represent the more prudent course *(see, People v Francabandera,* 33 NY2d 429, 434; *People v Nixon, supra,* at 350).

The defendant's remaining contention that he was deprived of effective assistance of counsel is without merit *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Aiken,* 45 NY2d 394). Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.