■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSEANN GRECO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered February 14, 1989, convicting her of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that she was an "incapacitated person" within the meaning of CPL 730.10 (1) at the time of trial and sentencing. While the defendant had been found "incapacitated" after several CPL article 730 hearings both prior to trial, and after verdict, there is little in the record to indicate that during trial and sentencing, the defendant did not have a sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding or have a rational as well as factual understanding of the proceedings against her *(see, Dusky v United States,* 362 US 402; *People v Francabandera,* 33 NY2d 429). The mere fact that the defendant complained in open court as to defense counsel's method of cross-examination, his tactics, and the fairness of the procedures, does not indicate that the defendant was mentally disoriented *(see, People v Picozzi,* 106 AD2d 413). Additionally, the defendant had been examined and found competent a couple of months before trial, and there was no evidence to show that there had been any change of circumstances *(see, People v Konits,* 159 AD2d 590, *cert denied* — US —, 111 S Ct 344).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including her claim of excessive sentence, and find them to be without merit. Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.