■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LIOTO, Appellant. (Appeal No. 1.) [691 NYS2d 225] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, the record establishes that his plea of guilty was knowingly, intelligently and voluntarily entered, and that the plea colloquy was not coercive (*see generally, People v Fiumefreddo,* 82 NY2d 536, 543-544; *People v Harris,* 61 NY2d 9, 19). By the time of sentencing, defendant had twice been found competent, and there is nothing in the record at the time of the plea to suggest that defendant was unable to understand the charges or assist in his defense (*see, People v Franco,* 120 AD2d 609, 610, *lv denied* 68 NY2d 757; *People v Corwise,* 120 AD2d 604, 605; *People v Mitchell,* 90 AD2d 854). Contrary to the contention of defendant, his factual admission of guilt was not coerced by County Court or by defense counsel's alleged misrepresentation concerning the potential term of incarceration. Defendant's reliance on *People v Goldfadden* (145 AD2d 959) is misplaced because, in that case, the court provided the misinformation concerning the potential sentence. The court did not err in imposing an enhanced sentence without affording defendant an opportunity to withdraw his plea. The court advised defendant that, if he failed to appear or was rearrested, it would not be bound by its sentencing promise (*see, People v Figgins,* 87 NY2d 840; *People v Gonzales,* 231 AD2d 939, 940, *lv denied* 89 NY2d 923; *People v Rumlin,* 209 AD2d 1051, *lv denied* 85 NY2d 866). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.