after pleaded guilty to burglary in the second degree (Penal Law § 140.25 [2]). Even assuming, arguendo, the validity of defendant's attempt to preserve the right to challenge on appeal the court's determination concerning the cooperation agreement (*see, People v Motley,* 69 NY2d 870, 871-872; *see also, People v O'Brien,* 56 NY2d 1009, 1010; *People v Thomas,* 74 AD2d 317, 321, *affd* 53 NY2d 338; *People v Loebl,* 77 AD2d 949, 950), we conclude that the court's determination is supported by the record (*see, People v Gupta,* 87 AD2d 990). In light of our decision, we do not reach defendant's remaining contentions. (Appeal from Judgment of Onondaga County Court, Brandt, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LIOTO, Appellant. (Appeal No. 1.) [691 NYS2d 225] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, the record establishes that his plea of guilty was knowingly, intelligently and voluntarily entered, and that the plea colloquy was not coercive (*see generally, People v Fiumefreddo,* 82 NY2d 536, 543-544; *People v Harris,* 61 NY2d 9, 19). By the time of sentencing, defendant had twice been found competent, and there is nothing in the record at the time of the plea to suggest that defendant was unable to understand the charges or assist in his defense (*see, People v Franco,* 120 AD2d 609, 610, *lv denied* 68 NY2d 757; *People v Corwise,* 120 AD2d 604, 605; *People v Mitchell,* 90 AD2d 854). Contrary to the contention of defendant, his factual admission of guilt was not coerced by County Court or by defense counsel's alleged misrepresentation concerning the potential term of incarceration. Defendant's reliance on *People v Goldfadden* (145 AD2d 959) is misplaced because, in that case, the court provided the misinformation concerning the potential sentence. The court did not err in imposing an enhanced sentence without affording defendant an opportunity to withdraw his plea. The court advised defendant that, if he failed to appear or was rearrested, it would not be bound by its sentencing promise (*see, People v Figgins,* 87 NY2d 840; *People v Gonzales,* 231 AD2d 939, 940, *lv denied* 89 NY2d 923; *People v Rumlin,* 209 AD2d 1051, *lv denied* 85 NY2d 866). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LIOTO, Appellant. (Appeal No. 2.) [689 NYS2d 921] —Judg-

ment unanimously affirmed. Same Memorandum as in *People v Lioto* (261 AD2d 883 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Fahey, J.—Burglary, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder; JJ.

■ COUNTY OF CHAUTAUQUA, Respondent, v STEVEN NICHOLS, Defendant, G & J CONSTRUCTION CORPORATION et al., Appellants, and ROYAL INSURANCE COMPANY, Respondent. (Appeal No. 1.) [690 NYS2d 472] —Judgment unanimously affirmed with costs for reasons stated in decision at Supreme Court, Notaro, J. (Appeal from Judgment of Supreme Court, Chautauqua County, Notaro, J.—Declaratory Judgment.) Present— Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ COUNTY OF CHAUTAUQUA, Respondent, v STEVEN NICHOLS, Defendant, G & J CONSTRUCTION CORPORATION et al., Appellants, and ROYAL INSURANCE COMPANY, Respondent. (Appeal No. 2.) [690 NYS2d 472] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Notaro, J. (Appeal from Order of Supreme Court, Chautauqua County, Notaro, J.—Disqualify Counsel.) Present—Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ In the Matter of CHARLES N. F., JR., Appellant, v TERRY R. F., Respondent. (Appeal No. 1.) [689 NYS2d 920] —Appeal unanimously dismissed without costs. Memorandum: This appeal from an order denying petitioner custody of the parties' son is rendered moot by petitioner's subsequent stipulation to an award of custody to respondent (*cf., Matter of Cherilyn P.*, 192 AD2d 1084, *lv denied* 82 NY2d 652). (Appeal from Order of Erie County Family Court, Townsend, J.—Custody.) Present— Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ In the Matter of CHARLES N. F., JR., Appellant, v TERRY R. F., Respondent. (Appeal No. 2.) [689 NYS2d 908] —Order unanimously affirmed without costs. Memorandum: Contrary to the contention of petitioner, Family Court did not abuse its discretion in denying his request for a continuance to enable him to secure an expert witness on paternity evaluation reports (*see, Stoves & Stones v Rubens*, 237 AD2d 280; *Insl-X Prods. Corp. v F & K Supply*, 228 AD2d 478; *Michaels v Dalimonte*, 121 AD2d 370). (Appeal from Order of Erie County Family Court, Townsend, J.—Paternity.) Present—Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ In the Matter of CHARLES N. F., JR., Appellant, v TERRY R. F., Respondent. (Appeal No. 3.) [689 NYS2d 919] —Order unanimously affirmed without costs. Memorandum: Petitioner