■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STARLING JACKSON, Appellant. [718 NYS2d 924] —Judgment unanimously affirmed. Memorandum: Defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction, and thus his contention that the plea was not knowingly, intelligently and voluntarily entered is not preserved for our review (*see, People v Lopez,* 71 NY2d 662, 665; *People v Dunn* [appeal No. 1], 272 AD2d 928, *lv denied* 95 NY2d 889). The fact that County Court may have misinformed defendant of the potential for treatment as a persistent felon and the maximum sentence to which he was exposed is not dispositive; "whether a plea was knowing, intelligent, and voluntary is dependent upon a number of factors, 'including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused'" (*People v Garcia,* 92 NY2d 869, 870; *see, People v Lioto* [appeal No. 1], 261 AD2d 883, *lv denied* 93 NY2d 1021; *People v Burnett,* 221 AD2d 355, *lv denied* 87 NY2d 920; *People v Bankowski,* 134 AD2d 768, 770). (Appeal from Judgment of Wayne County Court, Sirkin, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.