THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE BARNES, Appellant. [808 NYS2d 166]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered April 11, 2003, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

The court properly denied defendant's motion to suppress the firearm recovered from his person at the time of his arrest inside his apartment. The detectives spoke with two women who were also occupants of defendant's apartment, one of whom had sought police intervention because of her concern about dangerous objects in the apartment. These citizen-witnesses stated, on

the basis of personal knowledge, that defendant habitually carried weapons. The detectives entered the apartment with the consent of the two women, who had both actual and apparent authority to provide such consent. In the apartment, the detectives discovered ammunition, as well as various suspicious items capable of being used in crimes, that the women attributed to defendant. In addition, the detectives had reason to believe that defendant was wanted by officers of another command. Furthermore, when defendant subsequently arrived at the apartment, he attempted to flee from the detectives. Accordingly, the detectives had, at the very least, reasonable suspicion that defendant was carrying a weapon, and were justified in forcibly detaining and frisking him, which led to the lawful discovery of the weapon (*see People v Kadan,* 195 AD2d 174 [1994], *lv denied* 83 NY2d 854 [1994]; *see also People v Allen,* 73 NY2d 378 [1989]).

The record establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]) at the suppression hearing. Counsel's failure to raise additional suppression arguments did not cause defendant any prejudice or deprive him of a fair trial (*see People v Hobot,* 84 NY2d 1021, 1024 [1995]).

The court was not obligated, sua sponte, to order a CPL article 730 examination during the course of the trial, notwithstanding defendant's prior psychiatric history (*see People v Morgan,* 87 NY2d 878 [1995]; *People v Ray,* 282 AD2d 409 [2001]). The most recent psychiatric report stated that defendant was competent, and the court, which was fully familiar with defendant, observed him during the proceedings. Despite the fact that he continued to pursue a futile conspiracy defense, there was no indication that he was unable to understand the proceedings (*see People v Ward,* 261 AD2d 171 [1999]). Likewise, after a sufficient inquiry (*see People v Arroyo,* 98 NY2d 101 [2002]), the court properly allowed defendant to exercise his right to represent himself at trial (*see People v Schoolfield,* 196 AD2d 111, 116 [1994], *lv denied* 83 NY2d 915 [1994]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Marlow, Williams, Gonzalez and Malone, JJ.