■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WALKER, Appellant. [863 NYS2d 220]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGuire, J.), rendered May 16, 2005, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's request for a CPL article 730 examination on the eve of trial. A finding that the defendant was fit to proceed to trial was made four months before the commencement of the trial, and was stipulated to by the prosecutor and defense counsel two months before the commencement of trial. The court was entitled to rely on this finding of fitness, as well as its own observations of the defendant, in determining that further examination was unwarranted (see People v Jenkins, 45 AD3d 864 [2007]; People v Farhn, 300 AD2d 599 [2002]; People v Rogers, 163 AD2d 337 [1990]).

The defendant's contention that the court erred in considering his pretrial conduct in imposing sentence is without merit. A sentencing court is permitted to consider all relevant factors in arriving at a sentence, and may consider the extent of a defendant's cooperation or lack thereof with the authorities (see People v Stevenson, 199 AD2d 350 [1993]). Here, the defendant failed to cooperate with the authorities when he filed frivolous Uniform Commercial Code liens before trial, in an attempt to delay the proceedings. The court properly considered this conduct in imposing sentence.

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.