THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN CARRION, Appellant. [884 NYS2d 483]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered March 15, 2007, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court did not sufficiently advise the defendant of the ramifications of waiving his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]). Accordingly, the defendant's purported oral waiver of his right to appeal was invalid.

The defendant's challenge to the procedure pursuant to which he was sentenced as a second felony offender (*see* CPL 400.21) is unpreserved for appellate review (*see People v Lopez*, 49 AD3d 899 [2008]; *People v Atkinson*, 58 AD3d 943 [2009]). Moreover, the defendant expressly waived his right to challenge the prior felony conviction and its validity (*see People v Cruz*, 56 AD3d 570 [2008]).

The defendant's contention that his plea was not voluntarily, knowingly, and intelligently made, because he lacked capacity, is also without merit. Pursuant to CPL 730.60 (2), where, as here, the institution in which the defendant had been confined determined that the defendant was no longer incapacitated, absent a motion from the defendant or the district attorney, it is within the court's discretion whether to conduct a hearing to

determine the issue of capacity (*see People v Tortorici*, 92 NY2d 757, 765-766 [1999], *cert denied* 528 US 834 [1999]). Here, the evidence before the court consisted of three uncontroverted medical reports which found that the defendant had capacity to proceed, the statement from the defendant's attorney that he believed the defendant had that capacity, and the court's own observations. There was no basis to believe that the defendant lacked the capacity to understand the proceedings against him, or that he was unable to assist in his defense (*see People v Taylor*, 292 AD2d 637 [2002]). The defendant's psychiatric history alone did not obligate the court to conduct a hearing (*see People v Barnes*, 24 AD3d 248 [2005]). Accordingly, the court did not improvidently exercise its discretion in accepting the defendant's plea without holding a hearing to determine if he was fit to proceed (*see People v Greco*, 177 AD2d 648 [1991]). Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.