■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR RAGIN, Appellant. [24 NYS3d 281]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered April 9, 2013, convicting defendant, upon his guilty plea, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.

The record does not cast doubt on defendant's competency to stand trial, and the court was not obligated, sua sponte, to order a new CPL article 730 examination (*see People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]). Although there had been multiple psychiatric examinations with conflicting findings, the most recent report found defendant competent, and the court was able to observe him during the plea proceedings (*see People v Barnes*, 24 AD3d 248 [1st Dept 2005], *lv denied* 6 NY3d 892 [2006]). The record does not support an inference that defendant may have been going in and out of competency; instead, the psychiatric evidence before the court indicated that defendant was prone to feigning psychiatric symptoms. The plea colloquy cast no doubt on defendant's competency, and defense counsel, who was in the best position to assess defendant's capacity, did not raise the issue of defendant's fitness to proceed or request another examination (*Tortorici*, 92 NY2d at 767).

Defendant abandoned his claims of dissatisfaction with counsel when, in response to the court's inquiry into his claims, he expressly withdrew his request for new counsel and confirmed that he wanted his attorney to continue to represent him (*see People v Garvin*, 227 AD2d 130 [1st Dept 1996], *lv denied* 88 NY2d 965 [1996]). In any event, the court's inquiry into defendant's earlier claims was sufficient, and defendant failed to establish good cause for assignment of new counsel (*see People v Porto*, 16 NY3d 93 [2010]). Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.