■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSMAN OSMAN, Appellant. [57 NYS3d 30]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered November 30, 2010, as amended December 14, 2010, convicting defendant, upon his plea of guilty, of attempted rape in the first degree, and sentencing him to a term of 3½ years, unanimously affirmed.

Since, to the extent defendant's comments at sentencing could be construed as a plea withdrawal motion, that motion did not raise any of the issues raised on appeal, defendant's challenges to the voluntariness of his plea do not fall within the narrow exception to the preservation requirement (*see People v Conceicao*, 26 NY3d 375, 381-382 [2015]; *People v Peque*, 22 NY3d 168, 183 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]), and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we reject them on the merits.

Nothing in the plea allocution record casts doubt on defendant's understanding of the rights he was giving up by pleading guilty. Although defendant had a history of mental illness, his competency had been established through proceedings under CPL article 730, and he coherently answered all the court's questions about the rights he was waiving.

The court was not required to inquire into the existence of a

possible psychiatric or renunciation defense, because "[d]efendant said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime or raised the possibility of a [psychiatric or renunciation] defense" (*People v Pastor*, 28 NY3d 1089, 1090-1091 [2016]). Unlike the situation in *People v Mox* (20 NY3d 936 [2012]), there was nothing in the actual plea allocution that triggered a duty to inquire into an potential psychiatric defense. Defendant's cryptic, nonresponsive use of the phrase "state of mind," immediately followed by an unequivocal declaration that he was "guilty," did not raise a psychiatric defense, and defendant's current assertion that he had a viable renunciation defense is based entirely on information extrinsic to the plea and sentence proceedings.

Defendant's unpreserved *Peque* claim does not warrant any remedy in the interest of justice (*see e.g. People v Diakite*, 135 AD3d 533 [1st Dept 2016], *lv denied* 27 NY3d 1131 [2016]).

Finally, neither defendant's vague expression of dissatisfaction with his attorney during the plea colloquy, which was not accompanied by an explicit request for new counsel, nor his complaint about counsel at sentencing, which was plainly the product of a misunderstanding about credit for time served, was the type of serious complaint that would trigger the court's obligation to make a minimal inquiry (*see People v Porto*, 16 NY3d 93, 100-101 [2010]). Concur—Friedman, J.P., Gische, Kapnick, Kahn and Gesmer, JJ.