People v King (2019 NY Slip Op 03079)





People v King


2019 NY Slip Op 03079


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2013-11051
 (Ind. No. 53/06)

[*1]The People of the State of New York, respondent,
v
Leaman King, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Kathryn E. Mullen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah S. Modica, J.), rendered November 19, 2013, convicting him of rape in the first degree (two counts), criminal sexual act in the first degree (two counts), kidnapping in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in declining to, sua sponte, order an eighth competency examination (see CPL 730.30[1]). "The court was entitled to give weight to the findings and conclusions of the defendant's most recent competency examination, which found him fit to proceed, and to its own observations of the defendant" (People v Soto, 23 AD3d 586, 586; see People v Gensler, 72 NY2d 239, 244; People v Walker, 53 AD3d 672, 672; People v Barnes, 24 AD3d 248, 249; People v Greco, 177 AD2d 648, 648).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court