The People of the State of New York, Respondent, 
against
Joseph Amoako, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J.), rendered October 10, 2013, convicting him, upon his plea of guilty, of criminal possession of stolen property in the fifth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Erika M. Edwards, J.), rendered October 10, 2013, affirmed.
Our review of the record demonstrates that defendant's guilty plea was knowing, voluntary, and intelligent (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). Under the facts presented, the court was not required to conduct a sua sponte inquiry into defendant's mental condition. Defendant had been found competent following proceedings under CPL article 730 two weeks before the plea, and was rational and coherent throughout the plea proceedings, wherein he capably responded to the questions put to him, and gave no indication of mental impairment (see People v Ward, 168 AD3d 432 [2019], lv denied 33 NY3d 955 [2019]; People v Osman, 151 AD3d 494 [2017], lv denied 30 NY3d 982 [2017]). Defense counsel, who was in the best position to assess defendant's capacity, did not raise the issue of defendant's fitness to proceed or request another examination (see People v Tortorici, 92 NY2d 757, 767 [1999], cert denied 528 US 834 [1999]; People v Ragin, 136 AD3d 426 [2016], lv denied 27 NY3d 1074 [2016]). In fact, the only objection voiced by counsel with regard to the plea concerned potential immigration consequences, which concerns, counsel indicated, he discussed with defendant and defendant understood.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 01, 2019