People v Tucker (2020 NY Slip Op 51269(U))

[*1]

People v Tucker (Douglas)

2020 NY Slip Op 51269(U) [69 Misc 3d 134(A)]

Decided on October 30, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570164/19

The People of the State of New York,
Respondent,
against
Douglas Tucker, Defendant-Appellant.

Defendant appeals from the judgment of the Criminal Court of the City of New York, New
York County (Tandra L. Dawson, J.), rendered February 12, 2019, convicting him, upon a plea of
guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Tandra L. Dawson, J.), rendered February 12, 2019, affirmed. 
Our review of the record establishes that defendant's guilty plea was knowing, intelligent and
voluntary (see People v Conceicao, 26 NY3d 375, 382-383 [2015]; People v
Sougou, 26 NY3d 1052, 1054-1055 [2015]). In full satisfaction of a complaint charging three
class A misdemeanors, defendant pleaded guilty to petit larceny in exchange for a sentence of 15
days' incarceration, to run concurrently with his sentence in an unrelated matter. In response to
questioning by the Court, defendant admitted his guilt to the offense to which he was pleading
guilty, personally confirmed that he was pleading guilty voluntarily and that he understood that
he waived his right to trial. Thus, the record as a whole establishes defendant's understanding and
waiver of his constitutional rights, despite the absence of a recitation of all the rights waived
(see People v Sougou, 26 NY3d at 1054; People v Simmons, 138 AD3d 520 [2016], lv denied 27
NY3d 1139 [2016]). There was nothing in the record to suggest that defendant's ability to make a
voluntary decision to plead guilty was impaired in any way by the use of drugs or alcohol (see People v Rodriguez, 83 AD3d
449 [2011], lv denied 17 NY3d 800 [2011]; People v Royster, 40 AD3d 885 [2007], lv denied 9 NY3d
881 [2007]) or that defendant suffered from a mental impairment that impacted the voluntariness
of his plea (see People v Park,159 AD3d 1132 [2018], lv denied 31 NY3d 1085
[2018]; People v Ragin, 136 AD3d
426, 427 [2016], lv denied 27 NY3d 1074 [2016]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and he expressly requests that this Court affirm the conviction if it
does not grant a dismissal. Since it cannot be said that no penological purpose would be served
[*2]by remanding the matter to Criminal Court for further
proceedings, dismissal is not warranted and therefore, we affirm on this basis as well (see
People v Conceicao, 26 NY3d at 385 n; People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 30, 2020