People v Zhi Li (2022 NY Slip Op 50112(U))

[*1]

People v Zhi Li

2022 NY Slip Op 50112(U) [74 Misc 3d 129(A)]

Decided on February 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Silvera, JJ.

570044/20

The People of the State of New York,
Respondent,
against
Zhi Li, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Marisol Martinez Alonso, J.), rendered December 16, 2019, convicting him, upon
his plea of guilty, of driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Marisol Martinez Alonso, J.), rendered December 16, 2019,
affirmed.
Our review of the record demonstrates that defendant's guilty plea was knowing, voluntary
and intelligent (see People v
Conceicao, 26 NY3d 375 [2015]). Under the facts presented, the court was not required
to conduct a sua sponte inquiry into defendant's mental condition. Defendant had been found
competent following proceedings under CPL article 730 five days before the plea, and was
rational and coherent throughout the plea proceedings, wherein he capably responded to the
questions put to him, and gave no indication of mental impairment (see People v Ward, 168 AD3d 432
[2019], lv denied 33 NY3d 955 [2019]; People v Osman, 151 AD3d 494 [2017], lv denied 30 NY3d
982 [2017]). Defense counsel, who was in the best position to assess defendant's capacity, did not
raise the issue of defendant's fitness to proceed or request another examination (see People v
Tortorici, 92 NY2d 757, 767 [1999], cert denied 528 US 834 [1999]; People v Ragin, 136 AD3d 426
[2016], lv denied 27 NY3d 1074 [2016]). 
In any event, even assuming, arguendo, that the plea was defective, the only relief defendant
requests is vacatur of his conviction and the dismissal of the accusatory instrument, and he
expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it
cannot be said that no penological purpose would be served by remanding the matter to Criminal
Court, dismissal is not warranted and we affirm on this basis (see People v Conceicao, 26
NY3d at 385 n).
Defendant's contention that the plea was invalid because the court failed to advise him of the
duration of the conditional discharge is unpreserved (see People v Torres, 37 NY3d 256, 265 [2021]), and, in any event,
without merit (see People v Kidd,
105 AD3d 1267 [2013], lv denied 21 NY3d 1005 [2013]; People v
Kripanidhi, 59 Misc 3d 148[A], 2018 NY Slip Op 50789[U] [*2][App Term, 1st Dept 2018], lv denied 33 NY3d 938
[2018]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 22, 2022