People v Aleman (2025 NY Slip Op 50552(U))

[*1]

People v Aleman (Conrado)

2025 NY Slip Op 50552(U) [85 Misc 3d 139(A)]

Decided on April 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 17, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570070/20

The People of the State of New
York, Respondent,
against
Conrado Aleman,
Defendant-Appellant.

In consolidated criminal proceedings, defendant appeals from three judgments of the
Criminal Court of the City of New York, New York County (Heidi C. Cesare, J., at
pleas; Josh E. Hanshaft, J. at sentencing), each rendered June 25, 2019, convicting him,
upon his pleas of guilty, of three counts of forcible touching and three counts of
disorderly conduct, and imposing sentence.

Per Curiam.
Judgments of conviction (Heidi C. Cesare, J., at pleas; Josh E. Hanshaft, J. at
sentencing), rendered June 25, 2019, affirmed.
Defendant's contention that his guilty pleas were not knowing, intelligent and
voluntary because the plea court failed to inquire into his mental state at the time of the
plea is unpreserved for our review, since he failed to raise the issue prior to sentencing
(see CPL 440.10; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Buie, 128 AD3d
1281 [2015]). The narrow exception to the preservation rule is not applicable
because nothing in the record cast significant doubt on the knowing or voluntary nature
of defendant's guilty plea (see
People v Diaz, 112 AD3d 423, 424 [2013], lv denied 23 NY3d 1036
[2014]).
As an alternative holding, we reject defendant's contention on the merits. Under the
facts presented, the court was not required to conduct a sua sponte inquiry into
defendant's mental condition. Defendant was rational and coherent throughout the plea
proceedings, wherein he capably responded to the questions put to him, and gave no
indication of mental impairment (see People v Ward, 168 AD3d 432, 433 [2019], lv
denied 33 NY3d 955 [2019]; People v Rodriguez, 83 AD3d 449, 449
[2011], lv denied 17 NY3d 800 [2011]). Furthermore, defendant's counsel, who
was in the best position to assess defendant's capacity, did not raise any issue with
respect to his health and fitness to proceed (see People v Ragin, 136 AD3d 426, 427 [2016], lv
denied 27 NY3d 1074 [2016]).
In any event, the only relief defendant requests is a dismissal of the accusatory
instrument, and he expressly requests that this Court affirm his conviction if it does not
grant a [*2]dismissal. Since dismissal is not warranted,
we affirm on that basis as well (see People v Conceicao, 26 NY3d 375, 385 n
[2015]; People v Teron, 139
AD3d 450, 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2025