THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITO ROOSEVELT, Appellant. [842 NYS2d 639]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 19, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]). Defendant contends that Supreme Court erred in failing sua sponte to order a competency hearing pursuant to CPL 730.30 (1) before accepting his plea of guilty or sentencing him. We reject that contention. It is well settled that "[a] defendant is presumed competent . . . , and the court is under no obligation to issue an order of examination . . . unless it has 'reasonable ground . . . to believe

that the defendant was an incapacitated person' " (*People v Morgan*, 87 NY2d 878, 880 [1995]; *see People v Tortorici*, 92 NY2d 757, 765-766 [1999], *cert denied* 528 US 834 [1999]; *People v Williams*, 35 AD3d 1273 [2006], *lv denied* 8 NY3d 928 [2007]; *People v Carbonel*, 296 AD2d 858 [2002]). Here, the only alleged evidence of defendant's incompetency before the court was information in the presentence report indicating that defendant was raised in a dysfunctional family and had been abused and neglected 20 years earlier. In addition, the presentence report indicated that defendant had a low level of intelligence. There is, however, no indication in the record that defendant was unable to understand the proceedings and, indeed, the record is devoid of any evidence that defendant had a history of mental illness. Rather, the record establishes that the court conducted a thorough plea colloquy and that "[d]efendant's answers were in all respects appropriate, showing no indication of mental impairment requiring a competency hearing" (*People v Dover*, 227 AD2d 804, 805 [1996], *lv denied* 88 NY2d 984 [1996]). Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.