■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RODRIGUEZ, Appellant. [998 NYS2d 186]—

Order, Supreme Court, New York County (Renee A. White, J.), entered on or about June 12, 2012, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant's claim that he needed an interpreter at the hearing is unpreserved under the circumstances present (*see People v Ramos*, 26 NY2d 272, 274 [1970]), and we decline to review it in the interest of justice. Although defense counsel requested an interpreter, the court received information that defendant did not believe he needed one. The court offered to verify that information once defendant was produced in court, and expressly left the issue open. However, counsel had no further comment on this issue, and announced her readiness to proceed. Accordingly, counsel effectively abandoned her request for an interpreter (*see People v Graves*, 85 NY2d 1024, 1027 [1995]). In any event, the record does not indicate that defendant lacked a sufficient understanding of English.

Defendant's argument regarding his request for an adjournment is academic, because it only relates to a possible assessment of points under a risk factor that played no part in the adjudication, and upon which no ruling was necessary (*see People v Pedraja*, 49 AD3d 325 [1st Dept 2008], *lv denied* 10 NY3d 711 [2008]).

The court properly applied the presumptive override for a prior felony sex crime conviction. The court did not conflate its determination regarding the presumptive override with its decision to depart upwardly. On the contrary, the court made it clear that these were alternative bases for a level three adjudication. In any event, both bases are supported by the record. Defendant has not established that his age, or any other factor, warrants a downward departure (*see generally People v Gillotti*, 23 NY3d 841 [2014]), given defendant's serious criminal history. We also note that defendant had already been adjudicated a

level three offender based on the prior conviction that formed the basis for the presumptive override. Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.