The People of the State of New York, Respondent,
against
Thomas Williams, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), entered April 16, 2015, which, after a hearing, adjudicated him a level three sex offender and a predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law Art. 6-C).




Per Curiam.
Order (Ann E. Scherzer, J.), entered April 16, 2015, affirmed. 
The record supports the level three sex offender adjudication. Defendant is subject to the presumptive override for a prior felony sex crime conviction, which results in a level three adjudication independent of any point assessments (see People v Fair, 129 AD3d 617, lv denied 26 NY3d 910 [2015]; People v Judd, 29 AD3d 431 [2006], lv denied 7 NY3d 709 [2006]). Although defendant's prior conviction for attempted rape in the first degree occurred in 1983, it involved a twelve-year-old girl (see People v Jamison, 107 AD3d 531 [2013], lv denied 22 NY3d 852 [2013]). Furthermore, defendant's lengthy criminal record, including three separate felony convictions (some of which involved the use of violence), as well as multiple parole violations, justified the denial of a downward departure from his presumptive risk level (see e.g. People McCormack, 129 AD3d 644 [2015], lv denied 26 NY3d 908 [2015]; People v Rodriguez, 2016 NY Slip Op 03242 [2016]; People v Rodriguez, 123 AD3d 495 [2014]).
While the Criminal Court did not adequately set forth its findings of fact and conclusions of law in compliance with Correction Law § 168-n(3), the record is sufficient for this Court to make its own findings of fact and conclusions of law and therefore remittal is not required (see People v Amaya, 121 AD3d 874, 875 [2014]; People v Lacewell, 103 AD3d 784, 785 [2013], lv denied 21 NY3d 856 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 20, 2016