People v Griffith (2020 NY Slip Op 01743)





People v Griffith


2020 NY Slip Op 01743


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


120 KA 18-02393

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON GRIFFITH, DEFENDANT-APPELLANT. 






CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRITTANY GROME ANTONACCI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered September 24, 2018. The judgment convicted defendant upon his plea of guilty of promoting prison contraband in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant contends that County Court improperly denied his request to represent himself. We reject that contention. The right to counsel may be waived, allowing a defendant to proceed pro se, when: " (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues' " (People v Silburn, 31 NY3d 144, 150 [2018]; see generally People v Crampe, 17 NY3d 469, 481-482 [2011], cert denied 565 US 1261 [2012]). " [A] reviewing court may look to the whole record, not simply to the waiver colloquy, in order to determine if a defendant effectively waived counsel' " (Crampe, 17 NY3d at 482). Here, defendant failed to satisfy the first and second factors. With respect to the first factor, his request to proceed pro se was made based on his belief that all the attorneys were in "cahoots," rather than on an unequivocal desire to proceed without the assistance of counsel (see generally People v Larkins, 128 AD3d 1436, 1441 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]; People v Chicherchia, 86 AD3d 953, 954 [4th Dept 2011], lv denied 17 NY3d 952 [2011]).
With respect to the second factor, we conclude that the court properly determined that defendant could not make a knowing and intelligent waiver of the right to counsel. "[T]he second prong . . . is satisfied when a defendant, competent to stand trial, satisfies the court, upon inquiry, that he [or she] understands the risks and disadvantages of proceeding pro se" (People v Schoolfield, 196 AD2d 111, 116 [1st Dept 1994], lv dismissed 83 NY2d 858 [1994], lv denied 83 NY2d 915 [1994]). Although defendant correctly contends that a defendant who is deemed competent to stand trial necessarily has the competency to waive the right to counsel (see People v Reason, 37 NY2d 351, 353-354 [1975], rearg denied 37 NY2d 817 [1975]), courts have "long recognized that a mentally-ill defendant, though competent to stand trial, may not have the capacity to appreciate the demands attendant to self-representation, resulting in an inability to knowingly, voluntarily and intelligently waive the right to counsel and proceed pro se" (People v Stone, 22 NY3d 520, 526-527 [2014]). Following its colloquy with defendant, the court determined that he lacked the ability to knowingly, voluntarily and intelligently waive the right to counsel. We see no basis to disturb that determination.
We reject defendant's further contention that the court abused its discretion in denying his motion to withdraw his guilty plea.
" When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing [*2]will be granted only in rare instances' " (People v Manor, 27 NY3d 1012, 1013 [2016]; see CPL 220.60 [3]; People v Mitchell, 21 NY3d 964, 966 [2013]; People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019]). " Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (People v Leach, 119 AD3d 1429, 1430 [4th Dept 2014], lv denied 24 NY3d 962 [2014]).
Here, defendant contends that his motion should have been granted because he was actually innocent and entered his plea under duress. Even assuming, arguendo, that those contentions are preserved for our review, we conclude that they are "unsupported by the record and belied by [defendant's] statements during the plea colloquy" (People v Gerena, 174 AD3d 1428, 1430 [4th Dept 2019], lv denied 34 NY3d 981 [2019]; see People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]).
Finally, defendant contends that his sentence is unduly harsh and severe. Where, as here, a defendant receives the minimum term of incarceration authorized by law, "that part of his [or her] sentence cannot be considered unduly harsh or severe" (People v Hughes, 124 AD3d 1380, 1382 [4th Dept 2015], amended on rearg 126 AD3d 1430 [4th Dept 2015], lv denied 25 NY3d 1165 [2015]; see People v Heverly, 165 AD3d 1320, 1321 [3d Dept 2018], lv denied 32 NY3d 1112 [2018]; People v Leggett, 101 AD3d 1694, 1695 [4th Dept 2012], lv denied 20 NY3d 1101 [2013]). This Court lacks the " interest of justice jurisdiction to impose a sentence less than the mandatory statutory minimum' " (People
v Dexter, 104 AD3d 1184, 1185 [4th Dept 2013]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court