People v Long (2020 NY Slip Op 06636)





People v Long


2020 NY Slip Op 06636


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


842 KA 18-02106

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VICTOR LONG, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 7, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and as a matter of discretion in the interest of justice by reducing the period of postrelease supervision to 2½ years and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid, and that Supreme Court failed to apprehend the extent of its sentencing discretion. With respect to defendant's contention that he did not knowingly, intelligently and voluntarily waive the right to appeal, we reiterate that the better practice is for the court "to use the Model Colloquy, which 'neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting People v Thomas, 34 NY3d 545, 567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see NY Model Colloquies, Waiver of Right to Appeal). Here, however, we see no reason to address defendant's challenge to the waiver of the right to appeal inasmuch as his "contention that the court failed to apprehend the extent of its sentencing discretion survives his waiver of the right to appeal and does not require preservation" (People v Dunham, 83 AD3d 1423, 1424-1425 [4th Dept 2011], lv denied 17 NY3d 794 [2011]; see People v Gardner, 162 AD3d 1758, 1759 [4th Dept 2018], lv denied 32 NY3d 937 [2018]; see generally People v Irby, 158 AD3d 1050, 1051 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]).
We agree with defendant that the court failed to apprehend its sentencing discretion. At the time of the plea, the court promised to impose the minimum sentence, which the court characterized as a determinate term of 3½ years' incarceration plus five years' postrelease supervision, when in fact the court had the authority to impose a period of postrelease supervision of between 2½ years and five years (see Penal Law § 70.45 [2] [f]). Subsequently, the court reiterated several times during the proceedings that it had promised to impose the minimum sentence. "The failure of the court to apprehend the extent of its discretion deprived defendant of the right to be sentenced as provided by law" (People v Hager, 213 AD2d 1008, 1008 [4th Dept 1995]; see People v Slattery, 81 AD3d 1415, 1416 [4th Dept 2011]). Inasmuch as the court clearly expressed its intention to impose the minimum sentence, we "exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]), in order to effectuate the sentence promised under the plea agreement" (People v Consilio, 74 AD3d 1809, 1810 [4th Dept 2010], lv denied 19 NY3d 959 [2012]), and we therefore modify the judgment by reducing the period of postrelease supervision to 2½ years.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court