People v Brown (2021 NY Slip Op 01991)





People v Brown


2021 NY Slip Op 01991


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-04828
 (Ind. No. 10332/14)

[*1]The People of the State of New York, respondent,
v
Kyle Brown, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Marcia P. Hirsch, J.), rendered March 15, 2018, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of three years plus three years of postrelease supervision on the conviction of criminal sale of a controlled substance in the third degree and a definite term of imprisonment of one year on the conviction of criminal possession of a controlled substance in the seventh degree, with the sentences to run concurrently with each other.
ORDERED that the judgment is modified, on the law, on the facts, and as a matter of discretion in the interest of justice, by reducing the period of postrelease supervision imposed on the conviction of criminal sale of a controlled substance in the third degree from three years to two years; as so modified, the judgment is affirmed.
Upon the defendant's conviction of criminal sale of a controlled substance in the third degree, the defendant was sentenced, inter alia, to a period of postrelease supervision of three years. Under Penal Law § 70.45(2)(b), the period of postrelease supervision applicable to a sentence imposed pursuant to Penal Law § 70.70(2) for a conviction of criminal sale of a controlled substance in the third degree must be between one and two years. Accordingly, as the People correctly concede, the period of postrelease supervision imposed on the conviction of criminal sale of a controlled substance in the third degree was illegal (see Penal Law § 70.45[2][b]).
As the People correctly concede, and as the defendant contends, a two-year period of postrelease supervision on the conviction of criminal sale of a controlled substance in the third degree is appropriate under the particular circumstances of this case. Accordingly, we modify the judgment by reducing the period of postrelease supervision imposed on that conviction from three years to two years (see People v Long, 188 AD3d 1663; see also People v Serrano, 309 AD2d 822, 822-823; People v Morales, 288 AD2d 328, 328-329; cf. People v Parker, 176 AD3d 1106, 1107).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court