People v Newsome (2021 NY Slip Op 05421)





People v Newsome


2021 NY Slip Op 05421


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


745 KA 17-01377

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS B. NEWSOME, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered May 1, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Defendant contends that his guilty plea was not knowing, voluntary, and intelligent. Defendant, however, failed to preserve that contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Tapia, 158 AD3d 1079, 1080 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]; People v VanDeViver, 56 AD3d 1118, 1118 [4th Dept 2008], lv denied 11 NY3d 931 [2009], reconsideration denied 12 NY3d 788 [2009]). This case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). We decline to exercise our power to review the issue as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that County Court erred in failing to order a competency hearing sua sponte. Although that contention need not be preserved for our review (see People v Chapman, 179 AD3d 1526, 1527 [4th Dept 2020], lv denied 35 NY3d 968 [2020]; People v Henderson, 162 AD3d 1507, 1508 [4th Dept 2018], lv denied 32 NY3d 1004 [2018]), we nevertheless reject it. We conclude that there is "no indication in the record that defendant was unable to understand the proceedings. . . . Rather, the record establishes that the court conducted a thorough plea colloquy and that [d]efendant's answers were in all respects appropriate, showing no indication of mental impairment requiring a competency hearing" (People v Roosevelt, 43 AD3d 1300, 1301 [4th Dept 2007], lv denied 9 NY3d 1038 [2008] [internal quotation marks omitted]; see People v Shannon, 189 AD3d 2165, 2166 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; People v Wilcox, 45 AD3d 1320, 1320 [4th Dept 2007], lv denied 10 NY3d 772 [2008]). Although defendant advised the court of his mental health issues, it is well established that "a history of psychiatric illness does not in itself call into question defendant's competence to proceed" (Henderson, 162 AD3d at 1508 [internal quotation marks omitted]; see People v Carpenter, 13 AD3d 1193, 1194 [4th Dept 2004], lv denied 4 NY3d 797 [2005]).
To the extent that defendant's further contention that he was denied effective assistance of counsel survives his guilty plea (see People v Barnes, 32 AD3d 1250, 1251 [4th Dept 2006]), we reject that contention. On the record before us, we conclude that defendant "received an advantageous plea, and 'nothing in the record casts doubt on the apparent effectiveness of' " the attorneys who represented him (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016], quoting People v Ford, 86 NY2d 397, 404 [1995]; see People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019], lv denied 37 NY3d 974 [2021]).
Finally, we note that defendant was sentenced to the minimum term of incarceration authorized by law. Thus, contrary to defendant's contention, "that part of his . . . sentence cannot be considered unduly harsh or severe" (People v Griffith, 181 AD3d 1170, 1172 [4th Dept 2020], lv denied 35 NY3d 1045 [2020] [internal quotation marks omitted]; see People v Leggett, 101 AD3d 1694, 1695 [4th Dept 2012], lv denied 20 NY3d 1101 [2013]). Also, the period of postrelease supervision imposed by the court is not unduly harsh or severe.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court