People v Griffin (2022 NY Slip Op 05643)

People v Griffin

2022 NY Slip Op 05643

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

736 KA 19-01917

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM GRIFFIN, DEFENDANT-APPELLANT. 

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 6, 2019. The judgment convicted defendant upon a jury verdict of rape in the third degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the third degree (Penal Law § 130.25 [2]) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that County Court improperly denied his request to represent himself. The right to counsel may be waived, allowing a defendant to proceed pro se, when: " '(1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues' " (People v Silburn, 31 NY3d 144, 150 [2018]; see generally People v Crampe, 17 NY3d 469, 481-482 [2011], cert denied 565 US 1261 [2012]). Here, defendant failed to satisfy the first factor, inasmuch as his request to proceed with either retained counsel or to appear as co-counsel alongside his currently assigned public defender did not
" 'demonstrate an actual fixed intention and desire to proceed without professional assistance in his defense' " (Silburn, 31 NY3d at 150; see People v Griffith, 181 AD3d 1170, 1171 [4th Dept 2020], lv denied 35 NY3d 1045 [2020]). We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court