People v Shaffer (2022 NY Slip Op 06393)

People v Shaffer

2022 NY Slip Op 06393

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

835 KA 20-01302

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEAN SHAFFER, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered August 26, 2020. The judgment convicted defendant upon a plea of guilty of criminal obstruction of breathing or blood circulation and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of his challenge to the severity of the sentence (see People v Seay, 201 AD3d 1361, 1361-1362 [4th Dept 2022]), we conclude that the sentence is not unduly harsh or severe.
We agree with defendant, however, that the uniform sentence and commitment sheet incorrectly states that defendant was sentenced for a felony when in fact he was sentenced for two class A misdemeanors, and fails to reflect that he was sentenced to a split sentence that included three years' probation. Thus, the uniform sentence and commitment sheet must be amended to correct those errors (see generally People v Range, 199 AD3d 1356, 1358 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]; People v Lewis, 185 AD3d 1542, 1543-1544 [4th Dept 2020], lv denied 35 NY3d 1114 [2020]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court