People v Amin (2023 NY Slip Op 03093)

People v Amin

2023 NY Slip Op 03093

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, BANNISTER, AND OGDEN, JJ.

70 KA 21-00580

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
IBRAHIM AMIN, DEFENDANT-APPELLANT. 

TEODORO SIGUENZA, ROCHESTER, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered August 1, 2019. The judgment convicted defendant upon his plea of guilty of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends, inter alia, that he was denied effective assistance of counsel and that Supreme Court misconstrued the sentencing parameters.
Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Shaffer, 210 AD3d 1452, 1452-1453 [4th Dept 2022]; People v Rivera, 195 AD3d 1591, 1591 [4th Dept 2021], lv denied 37 NY3d 995 [2021]), his contention that he was denied effective assistance of counsel "does not survive his plea of guilty inasmuch as '[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney[s'] allegedly poor performance' " (People v Jackson, 99 AD3d 1240, 1240 [4th Dept 2012], lv denied 20 NY3d 987 [2012]; see People v Burke, 256 AD2d 1244, 1244 [4th Dept 1998], lv denied 93 NY2d 851 [1999]; see generally People v Ford, 86 NY2d 397, 404 [1995]).
Defendant further contends that his plea was not knowing, voluntary, and intelligent. Defendant's contention is unpreserved (see People v Brown, 204 AD3d 1519, 1519-1520 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; People v Newsome, 198 AD3d 1357, 1357-1358 [4th Dept 2021], lv denied 37 NY3d 1147 [2021]; People v Romanowski, 196 AD3d 1081, 1081-1082 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]) and does not fall within the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]). To the extent that defendant contends that his plea was not knowing, voluntary, and intelligent because the court inaccurately described its sentencing discretion, preservation is not required (see generally People v Garcia-Cruz, 138 AD3d 1414, 1415 [4th Dept 2016], lv denied 28 NY3d 929 [2016]; People v Brooks, 128 AD3d 1467, 1468 [4th Dept 2015]), but we conclude that this part of defendant's contention is without merit (see generally Garcia-Cruz, 138 AD3d at 1415; People v Halsey, 108 AD3d 1123, 1124 [4th Dept 2013]; People v Morrison, 78 AD3d 1615, 1616 [4th Dept 2010], lv denied 16 NY3d 834 [2011]).
Defendant additionally contends that he was denied due process at sentencing based on the failure of the court to sua sponte appoint an interpreter. That contention is without merit. There is no indication in this record that defendant "lacked a sufficient understanding of English" (People v Rodriguez, 123 AD3d 495, 495 [1st Dept 2014]; see People v Rosario, 93 AD3d 605, [*2]605-606 [1st Dept 2012], lv denied 19 NY3d 867 [2012], reconsideration denied 20 NY3d 935 [2012]; see generally People v Ceravolo, 162 AD2d 979, 979 [4th Dept 1990], lv denied 76 NY2d 892 [1990]). The court thus had no obligation to provide defendant with an interpreter (see People v Ramos, 26 NY2d 272, 275 [1970]; People v Adamez, 177 AD2d 980, 980 [4th Dept 1991], lv denied 79 NY2d 852 [1992]).
We agree with defendant, however, that he was deprived of "the right to be sentenced as provided by law" inasmuch as the court failed to apprehend the extent of its sentencing discretion (People v Hager, 213 AD2d 1008, 1008 [4th Dept 1995]; see People v Long, 188 AD3d 1663, 1664 [4th Dept 2020]; People v Davis, 115 AD3d 1239, 1239-1240 [4th Dept 2014]). That contention would survive even a valid waiver of the right to appeal and does not require preservation (see Long, 188 AD3d at 1664; People v Pearson, 166 AD3d 1586, 1586-1587 [4th Dept 2018]). On the merits, we agree with defendant that the court failed to apprehend its sentencing discretion. Prior to the plea colloquy, the court indicated that a sentence other than a determinate term of imprisonment followed by postrelease supervision could be considered only upon a showing of "mitigating circumstances." That was error because, upon a conviction of sexual abuse in the first degree, a class D violent felony offense, a determinate term of imprisonment is not mandatory (see Penal Law §§ 70.02 [2] [b]; 70.80 [4] [b], [c]; see generally People v Endresz, 1 AD3d 888, 888-889 [4th Dept 2003]; People v Housman, 291 AD2d 665, 666 [3d Dept 2002], lv denied 98 NY2d 638 [2002]) unless a defendant pleads guilty to that crime in satisfaction of an indictment charging the defendant with an armed felony (see § 70.02 [4]), which was not the case here. We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing. In light of our determination, we
do not consider defendant's remaining contention.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court